UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
In re:                                                       :
                                                             :
LAWRENCE OMANSKY,                                            :   Case No. 24-cv-06109 (ALC)
                                                             :
                   Debtor.                                   :
------------------------------------------------------------ x
JOHN S. PEREIRA., as Chapter 7 Trustee for the estate        :
of Lawrence Omansky,                                         :
                                                             :
                   Appellant,                                :
                                                             :
v.                                                           :
                                                             :
POPULAR BANK f/k/a Banco Popular North America,              :
                                                             :
                   Appellee.                                 :
------------------------------------------------------------ x
```

## JOINT STATUS REPORT

Appellant John S. Pereira, as Chapter 7 Trustee for the estate of Lawrence Omansky (the "Trustee"), and Appellee Popular Bank (the "Bank") file this Joint Status Report.

1. This is an appeal from orders of the United States Bankruptcy Court for the Southern District of New York granting in part and denying in part the Trustee's motion to recover costs pursuant to 11 U.S.C. § 506(c) in Case No. 18-13809 (LGB); *In re Lawrence Omansky*. Specifically, the Trustee appealed (a) the Order Granting in part the Chapter 7 Trustee's Motion for an Order (i) to Allow 506(c) Expenses and (ii) to Determine Validity, Priority or Extent of Lien Held by Popular Bank f/k/a Banco Popular North America; and (b) the Order Denying Chapter 7 Trustee's Motion to Reconsider under FRCP 60 OR FRCP 3008 the Court's Order Granting in Part and Denying in Part the Trustee's Motion for Allowance of Section 506(c) Expenses and Determining Validity, Priority and Extent of Lien of Secured Creditor With Notice of Hearing (collectively, the "Costs Order").

2. The Costs Order arises out of, and was premised on, a pending sale of real property, namely a specific co-op apartment that is held by the bankruptcy estate. In the Costs Order, the Bankruptcy Court awarded certain costs incurred by the Trustee in connection with the rehabilitation and sale of the co-op and denied others. It also directed the Trustee to distribute the proceeds of the sale.

3. The pending sale of the co-op apartment did not close, and the purchase contract was terminated. On March 31, 2025, the parties reported to the Court that they intended to stay the proceedings in this Court in order to seek an indicative ruling under Federal Rule of Bankruptcy Procedure 8008. *See Stipulation to Stay Briefing Schedule (So Ordered)* (ECF No. 25). For the reasons set forth in Paragraph 4 below, the parties are optimistic that the Trustee will be able to sell the property so as to eliminate the existing dispute, this appeal, and the need for an indicative ruling from the Bankruptcy Court.

4. Following the last status report filed with the Court, the Trustee continued to market the property, and was able to successfully identify new purchasers for the property at a price acceptable to both the Trustee and the Bank. The Trustee negotiated and executed a purchase contract with the new purchasers and, on August 12, 2025, sought and obtained Bankruptcy Court approval for the sale of the property to the new purchasers, subject only to the purchasers being approved by the co-op board for the property. The co-op board interviewed the purchasers on September 15, 2025, and the parties are awaiting a decision as to the purchasers' approval. In addition, Trustee and the Bank have reached an agreement in principle that will resolve the issues between the parties and this appeal, subject to memorialization in a stipulation of settlement that will need to be approved by the Bankruptcy Court.

83335204;1

Dated: New York, New York
      September 29, 2025

**AKERMAN LLP**

By: */s/ John P. Campo*
    John P. Campo
    1251 Avenue of the Americas, 37th Floor
    New York, New York 10020
    Tel. No. (212) 880-3800
    E-mail: john.campo@akerman.com

    Michael D. Napoli
    (Admitted Pro Hac Vice)
    2001 Ross Avenue, Suite 3600
    Dallas, Texas 75022
    Tel. No. (214) 720-4300
    E-mail: michael.napoli@akerman.com

*Counsel for the Trustee/Appellant*

Dated: Miami, Florida
      September 29, 2025

**GREENBERG TRAURIG, P.A.**

By: */s/ Ari Newman*
    Ari Newman
    (Admitted Pro Hac Vice)
    333 S.E. 2nd Avenue, Suite 4400
    Miami, Florida 33131
    Tel. No. (305) 579-0868
    E-mail: newmanar@gtlaw.com

    Steven Lazar
    GREENBERG TRAURIG, LLP
    900 Stewart Avenue, Suite 505
    Garden City, NY 11530
    Tel. No. (212) 801-6860
    E-mail: steven.lazar@gtlaw.com

*Counsel for Popular Bank/Appellee*

83335204;1